## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TERRANCE L. CARR, JR.,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:18-cv-1412-RDP |
| **THE WATER WORKS BOARD OF THE CITY OF BIRMINGHAM,** | } |
| Defendant. | } |

### MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 18). The Motion has been fully briefed (Docs. # 23, 26) and is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Defendant's Motion to Dismiss is due to be granted in part and denied in part.

**I.     Background**

Plaintiff, Terrance L. Carr, Jr., claims that Defendant discriminated against him based on his (1) race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and 42 U.S.C. § 1981; (2) age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"); and (3) disability in violation of the Americas with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* ("ADA"). In support of these claims, Plaintiff alleges the following facts in his Amended Complaint.

Plaintiff, a 52-year-old African-American male, began working for Defendant nearly thirty years ago (in September 1991) as a Distribution Maintenance Worker. (Doc. # 17 at ¶ 8). Plaintiff's degrees and certifications include a Master of Science in Management, Bachelor of Business

Administration, Associate in Applied Science Degree in Construction Technology, Architectural Civil Drafting Certificate, Water Grade IV Certificate, Beginning Welding Certificate, Certified Master Plumber, and Master Gas Fitter. (*Id*. at ¶ 28). He currently works for Defendant as the Mulberry Intake Supervisor. (*Id*. at ¶ 8).

Plaintiff's discrimination claims stem from five employment opportunities that Defendant awarded to other employees whom Plaintiff contends are less qualified. In particular, Plaintiff alleges:

1. In November 2017, Defendant created the District Supervisor of Inspections position, but "did not post the position pursuant to the rules and regulations of the Water Works." (*Id*. at ¶¶ 10-11). Plaintiff claims that although he was qualified, Defendant preselected Larry Calhoun, a white male, to fill the position. (*Id*. at ¶¶ 12-13). He further contends that Defendant "knew that [he] would apply for the position if posted and failed to post in an effort to discriminate against [him]." (*Id*. at ¶ 12).

2. In January 2018, Plaintiff applied for the position of Manager of Distribution. (*Id*. at ¶ 25). He claims that although he was qualified, a less qualified African-American male, John Dansby, was chosen for the position. (*Id*. at ¶ 26). Defendant told Plaintiff that he was not qualified to interview for the job. (*Id*. at ¶ 27).[1]

3. Also in January 2018, Plaintiff did not have the opportunity to apply for the Assistant Manager of Distribution position, because Defendant "did not post the [job] pursuant to [its] rules and regulations." (*Id*. at ¶ 22). Again, he asserts that Defendant did not post the position to prevent Plaintiff from applying "because he

---

[1] Because Plaintiff has not alleged any facts regarding Dansby's age or potential disability, the court considers this allegation only within the context of Plaintiff's race discrimination claim.

was more qualified than the [candidate] hand picked for the position." (*Id*. at ¶ 23). Instead, a "less qualified" white male, Keith Witt, was selected. (*Id*. at ¶ 24). According to Plaintiff, the highest level of education Witt completed is an Associate Degree. (*Id*. at ¶ 30).

4. In February 2018, Plaintiff applied for the Superintendent of Transmission position. (*Id*. at ¶ 16). He submits that although he was qualified, a "less qualified white male, Chris Kiley, age 46, was awarded the position." (*Id*. at ¶ 17). Specifically, Plaintiff alleges that the job posting required applicants to have experience with operating heavy equipment, welding, shorting, and eight years of experience in the raw water division. (*Id*. at ¶¶ 18-21). Plaintiff claims that although he had experience in each of these areas, including seven years of experience in the raw water division, Kiley, on the other hand, had only three years of experience in the raw water division and no experience in the other required areas. (*Id*.). Plaintiff further contends that the highest level of education Kiley completed is high school. (*Id*. at ¶ 29).

5. In April 2018, Plaintiff applied for the Distribution Supervisor Chemical Plant position. (*Id*. at ¶ 14). Again, he avers that although he was more qualified, Defendant selected a less qualified and younger (age 35) African-American male, David Gatt, for the position. (*Id*. at ¶ 15).

On May 24, 2018, Plaintiff filed what appears to be a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Doc. # 17-1). Plaintiff's EEOC charge asserts that he was subjected to discrimination based on race, age, and

disability. (*Id*.). He indicated that the alleged discrimination began on December 1, 2017 and is ongoing. (*Id.*).

On June 4, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Rights. (Doc. # 17-2). Although Plaintiff does not indicate when he received this letter, Federal Rule of Civil Procedure 6(d) creates a presumption that receipt occurs three days after the mailing date. Fed. R. Civ. P. 6(d). Thus, Plaintiff is presumed to have received the Dismissal and Notice of Rights on June 7, 2018. Plaintiff filed his original *pro se* Complaint initiating this action on August 31, 2018 (Doc. # 1), within ninety (90) days of the date he is presumed to have received the right to sue notice.

## II.   Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he

4

plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

In its Motion to Dismiss, Defendant seeks dismissal of Plaintiff's claims based on the following grounds: (1) the Water Works Board cannot be subject to punitive damages since it is a governmental entity (Docs. # 18 at 1-2; 26 at 1-3); (2) Plaintiff has failed to sufficiently plead facts to state a claim for disability, race, or age discrimination (Doc. # 18 at 2-5); and (3) any potential retaliation claim must be dismissed because neither the Amended Complaint nor the EEOC charge contain allegations supporting such a claim (*Id*. at 5-8). The court addresses each argument in turn and concludes that Defendant's Motion is due to be granted in part and denied in part.

### A. Punitive Damages Are Not Recoverable Under Any of Plaintiff's Claims

In his pleadings, Plaintiff requests punitive damages in association with his race discrimination claim under Title VII (Doc. # 17 at 6) and his disability discrimination claim under the ADA (*Id.* at 10). Defendant argues that punitive damages are not recoverable for *any* of Plaintiff's claims because the Water Works Board is a governmental entity. (Docs. # 18 at 1-2; 26 at 1-3). In his response brief, Plaintiff refuses to concede his claims for punitive damages because he "does not have sufficient knowledge of the Defendant's corporate structure to determine whether punitive damages are appropriate." (Doc. # 23 at 5).

The Water Works Board "is a public corporation created under Alabama Code § 11-50-230, *et seq*." *Scruggs v. Water Works Bd. of the City of Birmingham,* 2014 WL 5325750, at *6 (N.D. Ala. Oct. 20, 2014) (citing *Water Works and Sewer Bd. of City of Birmingham v. Shelby Cnty.*, 624 So. 2d 1047, 1048 (Ala. 1993)). Due to its status as a governmental entity, punitive damages are not available under any of Plaintiff's claims. *See* 42 U.S.C. § 1981a(b)(1) (2012) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision")); *see also Scruggs*, 2014 WL 5325750, at *6 ("Punitive damages are permitted for Title VII violations, but only against non-governmental entities."); *see also Reeves v. Coosa Valley Youth Servs.*, 2011 WL 13285086, at *3 (N.D. Ala. Sept. 20, 2011) ("[P]unitive damages are not recoverable against a governmental entity under § 1983 and/or § 1981"); *see also Smith v. Vestavia Hills Bd. of Educ.*, 218 F. Supp. 3d 1285, 1291 (N.D. Ala. 2016) ("Punitive damages are not available under the ADEA."); *see also Green v. City of Birmingham*, 2012 WL 13024719, at *9 (N.D. Ala. March 5, 2012) ("[T]he plain statutory language clearly prohibits recovery of punitive damages against [a governmental entity]

for alleged ADA violations"). For these reasons, Plaintiff's claims for punitive damages are due to be dismissed with prejudice.

## B. Plaintiff's Disability Discrimination Claim is Due to be Replead

Defendant argues that Plaintiff's disability discrimination claim under the ADA should be dismissed because "there are no supporting factual allegations other than a single vague and conclusory allegation that [Plaintiff] was discriminated against based on a disability." (Doc. # 18 at 2). The court agrees that Plaintiff has failed to allege sufficient factual matter supporting his claim for disability discrimination. However, rather than dismiss this claim, the court will allow Plaintiff one last opportunity to replead.[2]

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of a disability in regard to job application procedures; the hiring, advancement, or discharge of employees; employee compensation; job training; and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for disability discrimination, a plaintiff must allege that "(1) he has a disability; (2) he is qualified to serve in his position, with or without some reasonable accommodation by the employer, despite his disability; and (3) he has suffered an adverse employment action because of his disability (*i.e.*, that he has suffered employment discrimination)." *Lewis v. Guy*, 2013 WL 5289957, at *3 (N.D. Ala. Sept. 18, 2013) (quoting *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998)) (internal quotations omitted). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

Here, Plaintiff's allegations fall far short of meeting these requirements. The only allegations related to a disability claim appear in Count Four of the Amended Complaint, where

---

[2] *See* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires.").

Plaintiff flatly states that "Defendant subjected the Plaintiff to discrimination because of his disability which is renal failure," and "Plaintiff was subjected to unequal treatment regarding his employment because of disabilities." (Doc. # 17 at ¶¶ 51-52). First, Plaintiff has failed to describe how his disability substantially limits a major life activity. Indeed, "the mere existence of a physical impairment does not [necessarily] constitute a disability under the ADA." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th. Cir. 1998).[3] Second, there is no indication in the Amended Complaint that Defendant is even aware of his renal failure, much less that Defendant's alleged discriminatory conduct was motivated by such knowledge. Without more detail, there is a risk that Plaintiff's disability discrimination claim amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Consequently, the court believes it best to replead this claim.

### C. Plaintiff's Race Discrimination Claim Under Section 1981 is Due to be Replead

Plaintiff properly asserts his claim of race discrimination under Section 1981, "by and through 42 U.S.C. § 1983." (Doc. # 17 at 7). Section 1981 "protects people, and some entities, from racial discrimination during the making of contracts." *Webster v. Fulton County, Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002). It is well-settled within the Eleventh Circuit that Section 1981 "does not provide an implicit cause of action against state actors." *Bryant v. Jones*, 575 F.3d 1281, 1288 n. 1 (11th Cir. 2009) (citing *Butts v. County of Volusia*, 222 F.3d 391, 394-95 (11th Cir. 2000)). Instead, Section 1983 "constitutes the exclusive federal remedy for violation by state actors of the rights guaranteed under § 1981." *Id*. Thus, "[a] plaintiff bringing a section 1981 claim must show a custom or policy within the meaning of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978),

---

[3] Although Plaintiff further describes his disability in his response brief (Doc. # 23 at 5), the court cannot consider this assertion on a motion to dismiss because it is "neither part of the complaint nor an attachment thereto." *Haddler v. Walker Cnty, Ala.*, 2014 WL 2465322, at *4 (N.D. Ala. May 30, 2014).

because section 1981 can provide no broader remedy against a state actor than section 1983." *Isom v. Birmingham Water Works Bd.*, 2017 WL 2984865, at *2, n. 2 (N.D. Ala. July 13, 2017). "For a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *Minnifield v. City of Birmingham*, 325 F.R.D. 450, 466 (N.D. Ala. 2018) (citing *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004)) (internal quotations omitted).

Defendant argues that Plaintiff has failed to allege that any custom or practice of the Water Works Board caused his claimed injuries because he has only pointed to instances involving himself. (Doc. # 18 at 3). Plaintiff counters that he has sufficiently pled a "custom or policy" through his allegation that he was subjected to "systemic employment discrimination on the basis of race." (Docs. # 23 at 9; 17 at ¶ 1). Although referencing an ingrained system of employment discrimination is a good start, the court finds that Plaintiff's allegations -- involving only Plaintiff -- fall short of identifying a "persistent and wide-spread practice" of racial discrimination. Consequently, the court denies Defendant's Motion to Dismiss, but grants Plaintiff a final opportunity to provide factual allegations which support his Section 1981 race discrimination claim.

### D. Plaintiff Has Plausibly Pled a Race Discrimination Claim Under Title VII

Defendant challenges Plaintiff's Title VII race discrimination claims on two grounds. First, Defendant argues that Plaintiff's failure to promote claims based on the District Supervisor of Inspections and Assistant Manager of Distribution positions should be dismissed because Plaintiff did not apply for these jobs. (Doc. # 18 at 3-4). Second, Defendant contends that Plaintiff's allegations related to the Superintendent of Transmission position are insufficient to state a claim of discriminatory failure to promote because he has not alleged "any information as to what the job requirements were for this position or what qualifications, other than his education, the person

selected had." (*Id*. at 4). The court disagrees with both arguments and finds that Plaintiff has adequately pled a claim of race discrimination under Title VII.[4]

Defendant is correct that generally, in order to establish a prima facie case of discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for and applied for the position in question; (3) he was rejected despite his qualifications; and (4) a person outside the protected class was chosen for the position. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). However, "where an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show under the second prong that he applied for the position—only that the employer had some reason to consider him for the post." *Id*. (citing *Jones v. Firestone Tire & Rubber Co.,* 977 F.2d 527, 533 (11th Cir. 1992)). Plaintiff has alleged that he is an African-American male with several relevant degrees and certifications and that Defendant either (1) awarded the jobs to white males that Plaintiff describes as less qualified to prevent him from applying or (2) awarded the job to someone who was of a different race and less qualified.[5] (Doc. # 17 at ¶¶ 10-12, 22-24, 28, 32-34). Accepting these allegations as true (as the court must), Plaintiff has plausibly pled that Defendant did not promote Plaintiff due to his race.

---

[4] In his Amended Complaint, Plaintiff also alleges that he applied and was qualified for the position of Manager of Distribution, which was ultimately awarded to an African-American male. (Doc. # 17 at ¶ 25). Because the position was given to an individual within his protected class, any race discrimination claim based on the Manager of Distribution position is due to be dismissed.

[5] Defendant is reminded that this matter is before the court on a motion to dismiss, not a motion for summary judgment. As such, Defendant's assertion that Plaintiff must set out the specific job requirements for the position he was denied and explain how he or the chosen candidate met such requirements, while appealing, is inappropriate at the pleadings stage of litigation. To be clear, Plaintiff will be required to establish a thorough Rule 56 record prior to trial. However, at the current procedural posture, Plaintiff has adequately pled his race discrimination claim and is entitled to civil discovery

### E. Plaintiff Has Plausibly Pled an Age Discrimination Claim

Plaintiff claims that Defendant denied his application for the Distribution Supervisor Chemical Plant position due to his age, and instead, chose a less qualified 35-year-old African-American male for the job.[6] (Doc. # 17 at 8). Similar to its argument rejected above, Defendant asserts this claim is due to be dismissed because Plaintiff did not list the specific job requirements for the position or explain how he met such requirements. (Doc. # 18 at 5) (citing *Trask v. Secretary Dept. of Veterans Affairs*, 822 F.3d 1179, 1191-92 (11th Cir. 2016) (affirming summary judgment partly because the plaintiff employees failed to describe how they fulfilled the objective hiring criteria in support of their failure-to-hire claim)). Again, this level of detail is not required on a motion to dismiss.

To plead a discrimination claim under the ADEA, Plaintiff must allege "(1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." *Smith v. AI Signal Research Inc.*, 2013 WL 2338612, at *2 (N.D. Ala. May 28, 2013) (quoting *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1432 (11th Cir. 1998)).

Here, Plaintiff has alleged that (1) he was 51 or 52 years of age at all relevant times; (2) he was denied the position on the basis of his age; (3) a less qualified 35-year-old male was awarded the position; and (4) he was qualified for the position based on his degrees and certifications listed in the Statement of Facts. (Doc. # 17 at ¶¶ 15, 28, 44-47). These allegations provide Defendant

---

[6] Although Plaintiff references "District Supervisor" as the position he was denied, the court assumes he meant the Distribution Supervisor Chemical Plaint position. According to the Statement of Facts in his Amended Complaint, this was the only position awarded to a younger black male—David Gatt, age 35. (Doc. # 17 at ¶ 15).

with sufficient notice of the contours of Plaintiff's claim. Accordingly, Plaintiff has adequately pled his claim to advance to discovery.[7]

### F. Any Retaliation Claim Plaintiff May Be Asserting is Due to be Dismissed

Plaintiff also alleges that he "complained to Human Resources on numerous occasions and the offending supervisors have and continue to retaliate against him." (*Id*. ¶ 9). However, Plaintiff has not alleged a separate claim for retaliation in his Amended Complaint. Out of an abundance of caution, Defendant moves to dismiss any potential retaliation claim Plaintiff may be asserting. (Doc. # 18 at 5-8). Without more detail, Plaintiff's allegations are insufficient to put Defendant on notice of any retaliation claim. Plaintiff has not offered any information as to what protected conduct he engaged in, what form the retaliation took, when (in his 18-year career with the Water Works Board) the retaliation took place, and/or why there is a nexus between any protected conduct and adverse action. Accordingly, any retaliation claim is due to be dismissed without prejudice and, if Plaintiff intends to pursue such a claim, he must adequately plead it.[8]

---

[7] In his Amended Complaint, Plaintiff also claims that Chris Kiley, a less qualified white male, age 46, was awarded the Superintendent of Transmission position. (Doc. # 17 at ¶ 17). To the extent that Plaintiff may be asserting an age discrimination claim based on this position, that claim is due to be dismissed. Not only is Kiley a member of the protected class under the ADEA, but he is also not substantially younger than Plaintiff.

[8] Defendant also argues that any retaliation claim would be administratively barred because Plaintiff did not allege retaliation in his EEOC charge. (Doc. # 18 at 6-7). True, the scope of a complaint "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). However, the general rule is that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Thomas v. Miami Dade Pub. Health Tr.*, 369 F. App'x 19, 23 (11th Cir. 2010). In other words, a plaintiff need not file an additional EEOC charge for a retaliation claim stemming from an employer's conduct after the filing of the initial charge because such a claim could be reasonably expected to grow from the initial charge. Here, Plaintiff has not alleged enough facts for the court to determine whether any retaliation claim could be reasonably expected to grow from the original charge of discrimination.

Furthermore, there is no administrative exhaustion requirement for a retaliation claim brought under Section 1981. *See Brune v. Wal-Mart Stores E. LP,* 2017 WL 4621790, at *2 (N.D. Ala. Oct. 16, 2017) (noting that a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC before filing a complaint); *see Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1240 (N.D. Ala. 2012) (noting that a Section 1981 retaliation claim is not subject to any administrative exhaustion of remedies requirement). Because it is unclear whether Plaintiff intended to assert a retaliation claim, much less whether he intended to bring the claim under Section 1981, the court declines to weigh in on whether the claim is administratively barred.

**IV.     Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is due to be granted in part and denied in part without prejudice. The court directs that, to the extent he wishes to pursue his disability discrimination and Section 1981 race discrimination claims, Plaintiff must file an amended complaint on or before May 10, 2019. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 16, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE